U.S. DISTRICT COURT
SO. DIST. AL.
MOBILE, AL 36602

2001 APR 27 P 4: 13

CLERK'S OFFICE
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| VIRGINIA M. BEHLEN, individually and on behalf of a class of similarly situated persons and entities, | ) ) ) ) ) | Civil Action No. CV 01-0297-MJ-( (Removed from the Circuit Court of Mobile County, Alabama, CV-01-908) |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| J. C. BRADFORD & CO. LLC, UBS PAINEWEBBER INC., PHOENIX INVESTMENT PARTNERS, LTD., et al., | ) ) ) ) |  |
| Defendants. | ) |  |

## NOTICE OF REMOVAL

Defendants J. C. Bradford & Co. LLC, UBS PaineWebber Inc. and Phoenix Investment Partners, Ltd. (collectively, "Defendants"), by their undersigned counsel, file this Notice of Removal pursuant to 28 U.S.C. §§ 1441(b) and 1446, *et seq.*, removing this matter from the Circuit Court of Mobile County, Alabama to the United States District Court for the Southern District of Alabama. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 77, *et seq.*

In support of this Notice of Removal, Defendants state as follows:

1. On or about March 15, 2001, Plaintiff Virginia Behlen commenced a civil action by filing a putative class action complaint in the Circuit Court of Mobile County, Alabama (Civil Action No. CV-01-908) (the "Complaint"). Plaintiff Behlen brings this action to recover civil monetary damages as a result of Defendants' alleged misrepresentations and material omissions

00667249.1

- 1 -

made in connection with sales of Class B shares in Phoenix-Engemann Aggressive Growth Fund and other "affiliated Phoenix funds" (collectively, the "Funds"). Specifically, Plaintiff's Complaint alleges that Defendants "misrepresented the fact that Plaintiff and the class would be sold Class A shares when eligible for the same at reduced sales charges and commissions . . . . but . . . sold to them more expensive Class B shares contrary to [their] representations" (Complaint ¶ 33). The Complaint further alleges that Defendants "suppressed the true facts concerning the repeated sales to them of Class B shares in the [Funds]" (Complaint ¶ 35). The Complaint asserts seven common-law claims based upon state law: Count One (Breach of Contract); Count Two (Breaches of Implied Covenants and Duties); Count Three (Breach of Fiduciary Duty); Count Four (Unjust Enrichment); Count Five (Misrepresentation); Count Six (Suppression); and Count Seven (Negligence).

2. Copies of the summons and Complaint are annexed hereto as Exhibit A as required by 28 U.S.C. § 1446(a). No other pleadings, process or orders have been filed in the Circuit Court of Mobile County, Alabama.

3. The Complaint is the initial pleading setting forth the claims upon which this action is based. Each Defendant received a copy of the summons and the Complaint through service on April 3, 2001.

4. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is filed within 30 days of each Defendant's receipt of the Complaint through service of process.

5. J. C. Bradford & Co. LLC, UBS PaineWebber Inc. and Phoenix Investment Partners, Ltd. are the only properly served and existing defendants. All defendants join in this Notice of Removal.

6. This Court has jurisdiction over this removed action because this action was required to be brought originally in the United States District Court pursuant to the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. §§ 77p, 78bb(f) (hereinafter "SLUSA").

7. SLUSA expressly provides, among other things, that any "covered class action" involving a "covered security" that is brought in state court "shall be removable":

> *Removal of Covered Class Actions.* - Any **covered class action** brought in any State court involving a **covered security**, as set forth in **subsection (b)**, shall be removable to the Federal district court for the district in which the action is pending.

15 U.S.C. § 77p(c) (emphasis added); *see also* 15 U.S.C. § 78bb(f)(2).

8. This removal provision implements the general limitation on state law class actions contained in SLUSA. That limitation is set forth in subsection (b) which expressly provides:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging -
>
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b); *see also* 15 U.S.C. § 78bb(f)(1).

9. The term "covered class action" in these SLUSA sections is defined in relevant part as any single lawsuit in which:

> (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or

(II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members.

15 U.S.C. § 77p(f)(2)(A); *see also* 15 U.S.C. § 78bb(f)(5)(B)(i).

10. Plaintiff Behlen's lawsuit clearly qualifies as a "covered class action" as defined in SLUSA, because it is brought on a representative basis on behalf of "[a]ll persons or entities who purchased Class B shares from Defendants in the Phoenix-Engemann Aggressive Growth Fund and other affiliated Phoenix funds and who were eligible to purchase Class A shares in the same" (Complaint ¶ 18), and alleges that common "questions of law and fact predominate over any questions affecting individual class members" (Complaint ¶ 23).

11. The Funds' shares constitute "covered securities" under SLUSA. SLUSA defines a "covered security" as:

> [a] security that satisfies the standards for a covered security specified in paragraph (1) or (2) of Section 77r(b) of this title at the time during which it is alleged that the misrepresentation, omission or manipulative or deceptive conduct occurred.

15 U.S.C. § 77p(f)(3); *see also* 15 U.S.C. § 78bb(f)(5)(E).

12. The "Section 77r(b) of this title" referred to in this definition provides, in relevant part, that "[a] security is a covered security if such security is a security issued by an investment company that is registered, or that has filed a registration statement, under the Investment Company Act of 1940." 15 U.S.C. § 77r(b)(2). The shares of the Funds purchased by Plaintiff Behlen and the class that she purports to represent plainly fit within this definition of a "covered security." The Funds are, of course, registered under the Investment Company Act of 1940, and the Class B shares purchased by Plaintiff and the class were issued by the Funds. *See Hines v.*

*ESC Strategic Funds, Inc.*, 1999 WL 1705503 at *4, CV No. 3:99-0530 (M.D. Tenn. Sept. 17, 1999) (concluding that "a security issued by an investment company that is registered . . . under the Investment Company Act of 1940" is a covered security).

13. Finally, the Complaint should be removed because it falls within the express "class action limitation" language of SLUSA recited above, which prohibits any state law class action alleging a misrepresentation or omission "in connection with" the purchase or sale of a "covered security." Plaintiff's claims arise under Alabama law. Moreover, the Complaint asserts that Defendants made misrepresentations and omissions "in connection with" the sale of a "covered security." Indeed, Plaintiff's Complaint alleges that Defendants "misrepresented the fact that Plaintiff and the class would be sold Class A shares when eligible for the same at reduced sales charges and commissions . . . . but . . . sold to them more expensive Class B shares contrary to [their] representations" (Complaint ¶ 33). The Complaint further alleges that Defendants "suppressed the true facts concerning the repeated sales to them of Class B shares in the [Funds]" (Complaint ¶ 35). Because SLUSA preempts Plaintiff's claims, Plaintiff's lawsuit falls well within this Court's original jurisdiction, and may be removed to this Court pursuant to 28 U.S.C. § 1441.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Mobile County, Alabama, and is being served on all parties.

Dated: April 27, 2001

A. INGE SELDEN III  (SELOA 7654)
LUTHER M. DORR, JR.
JULIE L. WILSON
Attorneys for Defendants
J. C. Bradford & Co. LLC and
UBS PaineWebber Inc.

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
Telephone: (205) 254-1000

A. DANNER FRAZER, JR.  (FRAZA9809)
BRENT BAKER  (BAKED9981)
Attorneys for Defendants
J. C. Bradford & Co. LLC and
UBS PaineWebber Inc.

OF COUNSEL:

FRAZER, GREENE, UPCHURCH & BAKER, L.L.C.
P. O. Box 1686
Mobile, AL 36633
Telelphone: (334) 431-6020

P. RUSSEL MYLES  (MYLEP5322)
KELLY D. REESE  (REESK0637)
Attorneys for Defendant
Phoenix Investment Partners, Ltd.

OF COUNSEL:

McDOWELL, KNIGHT, ROEDDER
  & SLEDGE L.L.C.
P.O. Box 350
Mobile, Alabama 36601-0000
Telephone: (334) 432-5300

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the foregoing on:

M. Stephen Dampier
P. Dean Waite
THE SHARBROUGH LAW FIRM
156 St. Anthony Street
Mobile, Alabama 36603-6436

Anthony M. Hoffman
ZIEMAN, SPEEGLE, JACKSON & HOFFMAN, L.L.C.
107 St. Francis Street
Suite 3200
Mobile, Alabama 36602

by placing copies of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses, on this 27TH day of April, 2001.

OF COUNSEL

# IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| VIRGINIA M. BEHLEN, individually and on behalf of a class of similarly situated persons and entities,<br><br>Plaintiff,<br><br>v.<br><br>J.C. BRADFORD & CO., UBS PAINEWEBBER, INC., alter ego of J.C. BRADFORD & CO., INC., AND PHOENIX INVESTMENT PARTNERS, LTD, and A, B, C, D, E, F, G, H, I, J, K, L, & M as fictitious parties who are those persons, corporations, partnerships or entities who acted either as principal or agent for, or in concert with, the other named Defendants and/or whose acts caused or contributed to the damages sustained by the Plaintiffs, whose identities are unknown to Plaintiffs, but which will be substituted by amendment when ascertained,<br><br>Defendants. | CIVIL ACTION NO.: CV-2001-CCC<br>CLASS ACTION       HYT |

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, by and through the undersigned counsel, and files this Class Action Complaint against J.C. Bradford & Co., UBS PaineWebber Inc., alter ego of J.C. Bradford & Co., and Phoenix Investment Partners, LTD (collectively "Defendants") as follows:

1. This is a class action brought by Plaintiff Virginia M. Behlen ("Behlen") on behalf of a class composed of all individuals and entities who were wrongfully sold and charged excessive commissions on Class B shares in the Phoenix-Engemann Aggressive Growth Fund ("Growth Fund") and other "affiliated Phoenix funds," by J.C. Bradford & Co. and Phoenix Investments Partners, Ltd., along with other possible unknown parties, when they were eligible for reduced sales

charges or commissions from the purchase of Class A shares in the same. J.C. Bradford & Co. was recently purchased by UBS PaineWebber Inc. and no longer exists as a separate and distinct entity. UBS PaineWebber Inc. is the alter ego of J.C. Bradford & Co.

2. Defendants wrongfully sold to Plaintiff and the class Class B shares in the Growth Fund and other "affiliated Phoenix funds" when they should have sold to Plaintiff and the class Class A shares at reduced sales charges and commissions. The Defendants knew or should have known that Plaintiff and the class were eligible to purchase Class A shares for reduced sales charges and commissions, but deliberately sold to Plaintiff and the class the Class B shares so as to wrongfully charge higher commissions for such transactions.

3. Recognizing that they should have sold to Plaintiff and the class members Class A shares and not Class B shares, the Defendants concealed and suppressed the illegality of their conduct from the Plaintiff and the class and continued to sell them Class B shares at higher commissions and charges.

4. Defendants' wrongful and unconscionable conduct constitutes a pattern and practice of intentional, willful, wanton, reckless, negligent and/or grossly negligent conduct.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court as the amount in controversy exceeds $10,000 (Ten Thousand dollars), but does _not_ exceed $74,500 (Seventy-Four Thousand Five Hundred) per class member.

6. Plaintiffs seek damages on behalf of himself and all others similarly situated under the laws of each state. The Defendants conducted business throughout Alabama and various states by selling securities. The Defendants can be found, transact business, or performed acts described

2

herein in Mobile County, Alabama.

## PARTIES

7. Plaintiff Virginia M. Behlen is an adult individual residing at 205 Levert Ave., Mobile, Alabama 36607.

8. J.C. Bradford & Co., was a corporation operating in the State of Alabama and throughout the United States. J.C. Bradford & Co. was recently acquired in whole by UBS PaineWebber Inc., whose principal place of business is at 1285 Avenue of the Americas, New York, New York 10019.

9. UBS PaineWebber Inc., is a corporation operating in the State of Alabama and throughout the United States with its principal place of business at 1285 Avenue of the Americas, New York, New York 10019.

10. Phoenix Investment Partners, LTD is, on information and belief, a limited partnership operating in the State of Alabama and throughout the United States with its principal place of business at 56 Prospect Street, Hartford, CT 06115-0480.

11. A, B, C, D, E, F, G, H, I, J, K, L, & M, as fictitious parties, are those persons, corporations, partnerships or entities who acted either as principal or agent for, or in concert with, the other named Defendants and/or whose acts caused or contributed to the damages sustained by the Plaintiff and the class, whose identities are presently unknown to Plaintiff and the class, but which will be substituted by amendment when ascertained.

## FACTUAL ALLEGATIONS

12. From November 5, 1999 to the present, Virginia M. Behlen purchased shares in the Growth Fund and other "affiliated Phoenix funds."

13. During that same time period, the Defendants sold Class B shares in the Growth Fund and other "affiliated Phoenix funds" to the Plaintiff and the class.

14. During that same time period, Plaintiff and the class were eligible for reduced sales charges or commissions from the purchase of Class A shares. Therefore, pursuant to the terms of the prospectus, the purchase of Class B shares was inappropriate.

15. The sales of Class B shares in the Growth Fund and other "affiliated Phoenix funds" were made for the benefit of the Defendants only and to the detriment of the Plaintiff and the class.

16. Defendants knew or should have known that Plaintiff and the class were eligible to purchase less expensive Class A shares and that, in fact, they should have been selling to Plaintiff and the class said Class A shares.

17. Defendants intentionally, recklessly, and/or wantonly sold to Plaintiff and the class said Class B shares in an effort to improperly profit from said transactions.

## CLASS ACTION ALLEGATIONS

18. Pursuant to Rule 23 of the Alabama Rules of Civil Procedure, Plaintiffs bring this action as a Class Action individually and on behalf of all persons and entities defined as follows:

> All persons or entities who purchased Class B shares from Defendants in the Phoenix-Engemann Aggressive Growth Fund and other affiliated Phoenix funds and who were eligible to purchase Class A shares in the same.

19. Plaintiff reserves the right to amend the class definition after all discovery is completed.

20. Although the precise number and identity of the class members can be ascertained from the books and records of Defendants or their agents, Plaintiff alleges that the class exceeds several thousand members.

4

21. Plaintiff seeks on behalf of herself and the class equitable and injunctive relief, together with any and all restoration, disgorgement, compensatory damages, punitive or exemplary damages, statutory penalties, costs, fees and other relief according to proof and as more specifically stated in the prayer for relief.

22. This action satisfies the applicable certification criteria of Ala. R. Civ. P. 23 (a)(1)-(4) in that the class is so numerous that the individual joinder of its members is impracticable; there are common issues of law and fact that relate to the Defendants' common course of conduct, their knowledge, their duty and their resulting liability to the class; the named Plaintiffs' claims are typical of the claims of members of each class or subclass respectively; and counsel for the Plaintiff has substantial experience in the litigation of class actions, thereby satisfying the adequacy of representation requirement.

23. There are questions of law and fact common to members of the class which have resulted in a common pattern of damage sustained. These questions of law and fact predominate over any questions affecting individual class members. This common pattern of conduct by the Defendants supports the maintenance of this action as a class action pursuant to either Rules 23(b)(1), 23 (b)(2), or 23 (b)(3) of the Ala. R. Civ. P.

24. The claims of the Plaintiff are based on and arise out of the same facts and wrongful conduct of the Defendants. Counsel who are experienced and competent in the prosecution of class-action litigation represent Plaintiff and the class.

25. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudication, and risk establishing incompatible standards of conduct for Defendants.

5

26. Defendants have acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect thereto. Plaintiff and the class seek disgorgement and restitution for the amounts overcharged.

27. The class action is superior to other available methods for the fair and efficient adjudication of this controversy. The class or subclasses are readily definable and are ones for which payment records exist. Prosecution as a class action will eliminate the possibility of repetitious, duplicative litigation, while also providing for redress for claims too small to support the substantial expense of complex individual litigation concerning the claims herein.

28. The class or subclasses will be specifically defined following full and complete discovery in the motion for class certification. Excluded, however, from the class or subclasses are the following: (a) the Defendants and all current or former employees or agents of Defendants or predecessors in interest, and all persons who acted on behalf of any excluded persons, (b) any and all governmental entities, (c) any class member, with the exception of Plaintiff, who, as of the date of the filing of this claim, has an individual, non-class, litigation pending against one or more of the Defendants for overcharging discussed herein; (d) any member of the judiciary, including his/her family within the third degree of kinship.

## COUNT I
**Breach of Contract**

29. Plaintiff, on behalf of herself and all others similarly situated, realleges, as if fully set forth here, each and every allegation contained in the preceding paragraphs, and further alleges that Defendants have breached their contracts with the Plaintiff and the class by repeatedly selling to them Class B shares in the Growth Fund and other affiliated Phoenix funds, when Plaintiff and the

6

class were eligible to buy Class A shares for a lower sales charge or commission. As a result of Defendants wrongful conduct, Defendants have breached their contracts with Plaintiff and the class and Plaintiff and the class have been damaged therefrom.

## COUNT II
### Breaches of Implied Covenants and Duties

30. Plaintiff, on behalf of herself and all others similarly situated, realleges, as if fully set forth here, each and every allegation contained in the preceding paragraphs, and further alleges that Defendants owed Plaintiff and the class specific duties, obligations and covenants implied by law or fact. Defendants have a duty to act in good faith. Defendants also have a duty not to overcharge Plaintiff and the class in the selling of securities. Plaintiff and the class are entitled to recover their actual damages or restitution from Defendants, interest at the maximum lawful rate, together with any and all other relief deemed appropriate by this Court.

## COUNT III
### Breach of Fiduciary Duty

31. Plaintiff, on behalf of herself and all others similarly situated, realleges, as if fully set forth here, each and every allegation contained in the preceding paragraphs, and further alleges that Defendants owed Plaintiff and the class specific fiduciary duties. The Defendants stand in a position of trust or confidence to Plaintiff and the class. The Defendants are charged with a duty to act in the utmost good faith and loyalty to Plaintiff and the class. The Defendants breached their fiduciary duties to Plaintiff and the class by selling more expensive Class B shares to Plaintiff and the class, when Plaintiff and the class were eligible to purchase and should have been sold less expensive Class A shares.

## COUNT IV
### Unjust Enrichment

32. Plaintiff, on behalf of herself and all others similarly situated, realleges, as if fully set forth here, each and every allegation contained in the preceding paragraphs, and further alleges that Defendants have been unjustly enriched by profiting more than they would have if they had not overcharged the Plaintiff and the class in connection with the sales charges or commissions due from the sale of the aforementioned securities. In the interests of justice and fairness, the Plaintiff and the class are entitled to restitution and/or refunds of said overpayments rightfully due and owing to them.

## COUNT V
### Misrepresentation

33. Plaintiff, on behalf of herself and all others similarly situated, realleges, as if fully set forth here, each and every allegation contained in the preceding paragraphs, and further alleges that Defendants have misrepresented the fact that Plaintiff and the class would be sold Class A shares whenever eligible for the same at reduced sales charges and commissions. In fact, Plaintiff and the class were eligible to purchase Class A shares, but Defendants sold to them more expensive Class B shares, contrary to the Defendants' representations.

34. The wrongful conduct of the Defendants constitutes negligent, reckless or intentional, fraudulent conduct such to allow and require the imposition of punitive damages.

## COUNT VI
### Suppression

35. Plaintiff, on behalf of herself and all others similarly situated, realleges, as if fully set forth here, each and every allegation contained in the preceding paragraphs, and further alleges

that Defendants have suppressed the true facts concerning the repeated sales to them of Class B shares in the Growth Fund and other affiliated Phoenix funds, when Plaintiff and the class were eligible to purchase Class A shares for lower sales charges and commissions.

## COUNT VII
### Negligence

36. Plaintiff, on behalf of himself and all others similarly situated, realleges, as if fully set forth here, each and every allegation contained in the preceding paragraphs, and further alleges that Defendant negligently and/or wantonly administered, managed, and/or supervised the sale of more expensive Class B shares in the Grown Fund and other affiliated Phoenix funds, when Plaintiff and the class were eligible to purchase Class A shares for lower sales charges and commissions.

## RELIEF REQUESTED

WHEREFORE, premises considered, Plaintiff requests, on behalf of herself and members of the class that judgment be entered in favor of the class on all counts and causes of action against Defendants, individually, jointly, and severally as follows:

    a.    An order that this action proceed as a class action pursuant to Ala. R. Civ. P. 23(a)(1)-(4) and Ala. R. Civ. P. 23(b)(2) and/or (b)(3);

    b.    An order requiring the Defendants to disgorge to each class member all commissions or monies wrongfully retained as a result of their wrongful conduct;

    c.    Compensatory and punitive damages, together with interest at the maximum legal rate, and costs for each Plaintiff;

    d.    An order declaring an accounting and appointing a Special Master to conduct

same;

e. An order establishing an escrow account for the actual damages continuing to be sustained by Plaintiff and the class as a result of the Defendants wrongful conduct;

f. An order declaring that Defendants are financially responsible for notifying all Class Members of this action;

g. Equitable and injunctive relief requiring Defendants to case the wrongful conduct and refund the excess sales charges and/or commissions;

h. An order that Defendants pay the Plaintiff and the class interest on all damages and/or restitution owed at the highest legal rate from the date of the first overcharging of the Plaintiffs and the class to the date of trial, as provided by law;

i. Award to Plaintiffs and the class costs, together with reasonable attorneys fees; and,

j. Such other and further relief as this Court deems proper and just.

DONE this 15th day of March, 2001.

THE SHARBROUGH LAW FIRM

M. Stephen Dampier (DAM003)
P. Dean Waite, Jr. (WAI010)
156 St. Anthony Street
Mobile, Alabama. 36603-6436
(334) 432-1413 - telephone
(334) 432-5297 - facsimile

ZIEMAN, SPEEGLE, JACKSON
& HOFFMAN, L.L.C.

_Anthony M. Hoffman_ /mso
Anthony M. Hoffman (HOF007)
107 St. Francis St.
Suite 3200
Mobile, Alabama 36602
(334) 694-1700 - telephone
(334) 694-1998 - facsimile

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

UBS PAINEWEBBER, INC.
1285 Avenue of the Americas
New York, New York 10019.

PHOENIX INVESTMENT PARTNERS, LTD.
c/o Phillip R. McLoughlin
Chairman and CEO
56 Prospect Street
Hartford, CT 06115-0480

*J C Bradford + Co cert mail*
*c/o UBS*